AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 26 2022
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| United States of America<br>v.<br><br>Roy Ambre Jones (01)<br>Sammy Domingo Salazar (02)<br><br>*Defendant(s)* | )<br>)<br>)<br>)  Case No. 2:22-MJ-99<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 18, 2021__ in the county of __Potter__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C). | Possession with Intent to Distribute Methamphetamine. |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jacob Simmons, HSI SA
*Printed name and title*

SAttested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 5-26-2022

_____
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

2:22-MJ-99

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1. I, Jacob Simmons, being a duly sworn Special Agent with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), Amarillo, Texas, states as follows:

2. I have been a Special Agent (SA) with Homeland Security Investigations (HSI) for the past eleven (11) years and have been a federal agent for approximately fifteen (15) years. As an HSI Special Agent, I have participated in a large number of investigations of the possession and distribution of controlled substances. I have also received training from the Federal Law Enforcement Training Center and other law enforcement agencies in narcotics smuggling investigations, and have training and experience in money laundering, narcotics smuggling, and distribution investigations.

3. This affidavit is made in support of a criminal complaint and arrest warrant for Roy Ambre JONES and Sammy Domingo SALAZAR. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4. On November 18, 2021, Amarillo Police Department (APD) Patrol Officers attempted to conduct a traffic stop on a black motorcycle, bearing Texas registration 9K0465, a violation of the Texas Transportation Code. Upon

1

activating their emergency equipment, the driver of the motorcycle, later identified as Roy Ambre JONES (JONES), accelerated from the officers at a high rate of speed, initiating a vehicle pursuit. A Department of Public Safety (DPS) helicopter was able to maintain aerial surveillance until JONES abandoned the motorcycle in the alley of SE 10th Avenue between Dallas and Spring Street. Upon patrol officers' arrival to the area, JONES attempted to flee on foot; however, JONES was swiftly taken into custody. At the time of arrest, JONES possessed a black fanny pack on his person, which was searched incident to the arrest and found to contain approximately 114.7 gross grams of crystal methamphetamine and a digital scale.

5. During an interview with an HSI Task Force Officer (TFO), after having been advised of his *Miranda* Warnings, JONES admitted to knowingly possessing the Methamphetamine in the bag he was wearing. Furthermore, JONES admitted to purchasing approximately one-half (1/2) pound of Methamphetamine the night prior from a subject identified as Sammy SALAZAR (SALAZAR) for $1,600.00, and the 114.7 grams was the remainder, which had not yet been distributed. JONES admitted that the previous narcotics sales and/or transactions were conducted at his residence, located at 2910 Ridgemere in Amarillo, TX, and advised that there was additional Methamphetamine inside the residence. Additionally, JONES advised that SALAZAR would be at the residence, as JONES was allowing SALAZAR to stay at the residence, and that SALAZAR would be in

possession of additional Methamphetamine. Specifically, JONES claimed to have observed SALAZAR in possession of approximately 1 to 2 pounds of Methamphetamine, concealed in a black backpack in the room, which JONES allowed SALAZAR to occupy. Prior to the conclusion of the interview, JONES provided verbal and written consent to a search of the residence, located at 2910 Ridgemere, Amarillo, TX, 79107.

6. Based on the aforementioned information, a state issued search and seizure warrant was secured for the bedroom occupied by SALAZAR, at the above referenced address, and a consent search of the remainder of the residence was conducted.

7. During service of the search warrant and consent search, APD officers encountered SALAZAR at the front door of the residence. As a result of the search warrant service, approximately 137.8 gross grams of Methamphetamine, $7,035.00 in United States Currency, a digital scale, and numerous items of drug paraphernalia was discovered in the bedroom occupied by SALAZAR. An additional 7.29 gross grams of Methamphetamine and a sawed-off shotgun was discovered in JONES' bedroom, and 7.10 gross grams of Methamphetamine was discovered in the common area or living room of the residence, as JONES indicated.

8. During an interview with an HSI TFO and after having been advised of his *Miranda* Warnings, SALAZAR admitted knowledge and possession of the Methamphetamine discovered by officers in the bedroom occupied by

SALAZAR. Furthermore, SALAZAR admitted to the acquisition, sale, and distribution of Methamphetamine over the course of approximately the previous three weeks, to include prior Methamphetamine transactions with JONES and others.

9. The 114.7 grams Methamphetamine seized from JONES and the 137.8 grams of Methamphetamine seized from SALAZAR was submitted to the South-Central Laboratory for Chemical Analysis, where it was confirmed to be Methamphetamine Hydrochloride (Crystal Methamphetamine), a Schedule II Controlled Substance.

10. Based upon the foregoing, there is probable cause to believe that JONES and SALAZAR knowingly and intentionally possessed with the intent to distribute more than 50 grams of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

Jacob Simmons
HSI Special Agent

Sworn to before me, and subscribed in my presence

5-26-2022 at Amarillo Tx
Date             City and State

Lee Ann Reno U.S. Magistrate Judge    Dee Ann Reno
Name and Title of Judicial Officer    Signature of Judicial Officer

Anna Marie Bell
Assistant U.S. Attorney